UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**STEVEN COLE SPURLIN**                                                                          **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 4:21-CV-P110-JHM**

**SCOTT WILSON** *et al.*                                                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims, but allow him to file an amended complaint.

**I.**

Plaintiff is incarcerated at the Hopkins County Jail (HCJ). He brings suit against Scott Wilson and Whitley Swift whom he indicates are doctors at HCJ. He sues Defendants Wilson and Swift in their official capacities only.

Plaintiff makes the following allegations:

Scott Wilson & Whitley Swift both M.D.'s at [HCJ] have both denied me proper medical attention. I have filed multiple sick calls pertaining to my broken ribs, broken orbital roof and nose. None of my medical needs have been addressed, nor have they been taken care of. I am indegent and when I seek medical attention from medical staff I'm told to buy Ibuprofen from commissary and denied any medication for pain and or discomfort. I was a victim of police brutality upon my arrest which I needed and still need medical attention and surgery.

Plaintiff seeks damages and injunctive relief.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A,

the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are ostensibly against Hopkins County. When a § 1983 claim is made against a municipality such as Hopkins County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Hopkins County. Thus, his official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

The Court, however, finds that Plaintiff's allegations would be sufficient to state Eighth Amendment claims for deliberate indifference to his serious medical needs against Defendants Wilson and Swift if he had sued these Defendants in their individual capacities. Therefore, prior to dismissing this action for the above-stated reasons, the Court will allow Plaintiff the opportunity to amend the complaint. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that **Plaintiff's official-capacity claims against Defendants are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Order, Plaintiff may file an amended complaint in which sues Defendants Wilson and Swift in their individual capacities.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff page two of his § 1983 complaint form with the words "Amended Complaint" written in the caption.

**If Plaintiff fails to timely file an amended complaint in which he sues Defendants Wilson and/or Swift in their individual capacities, the Court will enter an Order dismissing this action for the reasons stated herein.**

Date: January 5, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Hopkins County Attorney
4414.011